DocuSign Envelope ID: AEF0ACAA-B0AB-413E-986C-B35EE11B0B72

Michael Lee (ML 6353)
Lee Law PLLC
579 Fifth Avenue
14th Floor
New York, NY 10017
Telephone: (212) 621-8239
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OTTER PRODUCTS, LLC,<br><br>              Plaintiff,<br><br>      v.<br><br>CEM SINIKO doing business as "DISTRIBUTIONONLINESALES;" "WHOLESALEPHONEDEALS;" and "BESTCELLPHONEACCESSORIES;" BEGIM KHUSSAYANOVA also doing business as "BESTCELLPHONEACCESSORIES;" and "JOHN DOES" 1-10;<br><br>             Defendants. | CASE NO. 1:20-CV-03915 (PKC)<br><br>**PERMANENT INJUNCTION**<br>**UPON CONSENT** |

       Plaintiff Otter Products, LLC ("Plaintiff") and Defendant Cem Siniko, doing business as "distributiononlinesales", "wholesalephonedeals", and "bestcellphoneaccessories" ("Defendant"), having agreed that a Permanent Injunction Upon Consent ("Permanent Injunction") should be entered between them and good cause appearing therefore:

       1. Plaintiff asserted this action for trademark counterfeiting and infringement, 15 U.S.C. § 1114; trademark dilution, 15 U.S.C. § 1125(c); unfair competition, false designation of origin, and false description, 15 U.S.C. § 1125(a); and unfair and deceptive business practices, N.Y. Gen. Bus. L. § 349. The Court further has continuing jurisdiction to enforce the terms and provision of this Permanent Injunction.

2. Plaintiff Otter Products is a limited liability company duly organized and existing under the laws of the State of Colorado, and having its principal place of business located at 209 S. Meldrum Street, Fort Collins, CO 80521.

3. Defendant Cem Siniko is an individual that resides at 15824 E 117th Avenue, Commerce City, CO 80022.

4. Plaintiff is the owner of various trademarks registered with the United States Patent and Trademark Office ("USPTO"). Such trademarks include, but are not limited to the following, among others:

| Trademark | USPTO Registration Number | Registration Date | Goods |
|---|---|---|---|
| OTTER BOX | 2287619 | 10/19/1999 | IC 028. US 022 023 038 050. G & S: non-metal, water-tight containers for outdoors recreational use. |
| OTTER BOX | 3788535 | 05/11/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
| OTTERBOX | 4509483 | 04/08/2014 | IC 042. US 100 101. G & S: Providing a website featuring news and commentary in the field of mobile technology. |
| OTTERBOX | 4602221 | 09/09/2014 | IC 009. US 021 023 026 036 038. G & S: Protective covers and cases for handheld electronic devices, |

| | | | |
|---|---|---|---|
| | | | namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers; protective covers and cases for computers. |
| OTTERBOX | 4451386 | 12/17/2013 | IC 035. US 100 101 102. G & S: On-line retail store services featuring protective covers and cases for personal electronic devices, namely, cell phones, portable media players, tablets, e-book readers, and computers. |
| DEFENDER SERIES | 4616874 | 10/07/2014 | IC 009. US 021 023 026 036 038. G & S: Protective covers and cases for personal electronic devices, namely, cell phones. |
| DEFENDER SERIES | 3623789 | 05/19/2009 | IC 009. US 021 023 026 036 038. G & S: Protective cases for interactive, handheld electronic devices, namely, portable music players, portable video players and tablet computers. |
|  | 3791318 | 05/18/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |

| | | | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
|---|---|---|---|
| | 4293603 | 02/19/2013 | |
| COMMUTER | 3791317 | 05/18/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
| COMMUTER SERIES | 3963182 | 05/17/2011 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, multifunctional mobile phones, portable music players, portable video players and computers. |

(hereinafter collectively referred to as the "Otter Products Registered Trademarks").

5. Defendant agrees that the jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, implementation, or modification of this Permanent Injunction, the enforcement and the punishment of any violations thereof.

**IT IS ORDERED, ADJUDGED AND DECREED**

6. The Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective heirs, successors and assigns, and acquiring companies.

7. Defendant, his agents, servants, employees, attorneys, and all persons acting in concert and participation with him, and his successors and assigns, jointly and severally be and hereby are, permanent restrained and enjoined from:

    a) using any counterfeit or infringement of the Otter Products Registered Trademarks to identify any goods not authorized by Plaintiff;

    b) counterfeiting or infringing the Otter Products Registered Trademarks by importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying any products bearing any simulation, reproduction, counterfeit, or copy of the Otter Products Registered Trademarks;

    c) using any simulation, reproduction, counterfeit, or copy of the Otter Products Registered Trademarks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff,

    d) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Plaintiff; and

    e) engaging in any other conduct constituting an infringement of the Otter Products Registered Trademarks, of Plaintiff's rights in, or to use or to exploit, said trademark, or constituting any weakening of Plaintiff's name, reputation and goodwill.

8. It is further ORDERED that in the event that Defendant is ever found by a court of competent jurisdiction to be in violation of this Permanent Injunction the parties agree that (a) Plaintiff will be entitled to all normal relief which it may request from the Court; and (b) Plaintiff will be entitled to recover any and all future and additional damages, fees, and costs incurred by Plaintiff due to Defendant's violation of this Permanent Injunction, and judgment shall be entered against Defendant in that full amount.

9. That any act by Defendant in violation of the terms or conditions of this Permanent Injunction may be considered and prosecuted as contempt of this Court.

10. That jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction, implementation, or modification of this Permanent Injunction, the enforcement thereof, and the punishment of any violations thereof.

11. This Permanent Injunction shall be deemed served upon the Defendants at the time of the execution by the Court.

12. This action against defendants Begim Khussayanova, also doing business as "bestcellphoneaccessories;" and "John Does" 1-10 is hereby dismissed without prejudice.

13. This action against Defendant Cem Siniko is hereby dismissed with prejudice.

**CONSENTED TO BY THE PARTIES:**

The undersigned hereby consent to the entry of the Permanent Injunction in the form annexed hereto or in such other form as the Court may approve.

Dated: 5/28/2020, 2020

OTTER PRODUCTS, LLC

By: *kevin Sullivan*

Name: Kevin M Sullivan
Title: General Counsel

Dated: 5/28/2020, 2020

CEM SINIKO, doing business as
"DISTRIBUTIONONLINESALES",
"WHOLESALEPHONEDEALS", and
"BESTCELLPHONEACCESSORIES"

SO ORDERED: May 29, 2020

*P. Kevin Castel*
United States District Judge